**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZARA HAMBARTSUMIAN, AKA Liliya Ivazova,<br><br>              Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>              Respondent. | No.    15-73925<br><br>Agency No. A075-704-634<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:      CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Zara Hambartsumian, a native and citizen of Azerbaijan[1], petitions for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner submitted an asylum application under the name Zara Hambartsumian in 2000, alleging she was a native and citizen of Azerbaijan. She now alleges her true name is Liliya Ivazova and she is a native and citizen of Russia.

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review for abuse of discretion the denial of a motion to reopen. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Hambartsumian's motion to reopen where she failed to demonstrate lack of notice. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). The motion does not show that Hambartsumian exhibited indicia of mental incompetency on or around May 18, 2000, when the NTA was served through regular mail, or on November 17, 2000, when she was personally served with her final hearing notice. *See* 8 C.F.R. § 103.8(c)(2)(ii) ("In case of mental incompetency . . . service shall be made upon the person with whom the incompetent [person] . . . resides; whenever possible, service shall also be made on the near relative, guardian, committee, or friend."); *Matter of E-S-I-*, 26 I. & N. Dec. 136, 145 (BIA 2013) ("Where the indicia of a respondent's incompetency are manifest, the DHS should serve the notice to appear" on the individuals specified in 8 C.F.R. § 103.8(c)(2)(ii)); *Salgado v. Sessions*, 889 F.3d 982, 987-88 (9th Cir. 2018) (analyzing indicia of mental incompetency under the BIA's framework in *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011), and concluding the IJ was not

required to determine if petitioner was competent).

The agency also did not abuse its discretion in denying Hambartsumian's motion to reopen for failure to establish "exceptional circumstances" under 8 U.S.C. § 1229a(b)(5)(C)(i) where her evidence, including her affidavit, an affidavit from her friend, and medical records from 2006 and 2010, was insufficient to show that her illness prevented her from attending her removal hearing on May 10, 2001. *See* 8 U.S.C. § 1229a(e)(1). In light of this disposition, we do not reach Hambartsumian's contentions regarding equitable tolling.

**PETITION FOR REVIEW DENIED.**